MICHAEL G. FREEDMAN (Bar No. 281279)
THE FREEDMAN FIRM PC
10100 Santa Monica Blvd., Suite 300
Los Angeles, California 90067
Telephone: (310) 285-2210
Facsimile: (310) 425-8845
Email: Michael@thefreedmanfirm.com

Attorney for Defendant
BEN SUSSMAN SCHECHTER

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BEN SUSSMAN SCHECHTER<br><br>Defendant. | Case No. 8-CR-156-JAK<br><br>**DEFENDANT BEN SUSSMAN SCHECHTER'S SENTENCING POSITION REGARDING SUPERVISED RELEASE VIOLATION**<br><br>Hearing Date:   October 20, 2022<br>Hearing Time:   9:00 a.m. |

Ben Sussman Schechter, by and through his attorney of record, hereby submits his Sentencing Position Regarding Supervised Release Violation.

                                                  Respectfully submitted,

DATED: October 6, 2022        By    */s/ Michael G. Freedman*
                                                         MICHAEL G. FREEDMAN
                                                         Attorney for Defendant
                                                         BEN SUSSMAN SCHECHTER

# I.

# INTRODUCTION

Ben Sussman Schechter appears before the Court for sentencing following his admission to a violation of the terms of his supervised release. The violation stems from Mr. Schechter's inadvertent clicking on a sexually explicit story on a link provided by his girlfriend within the scope of their private, consensual relationship, which his supervising officer had already told him was not Probation's concern. Mr. Schechter has accepted responsibility for his mistake before this Court and with Probation. Indeed, even before the conduct at issue, Mr. Schechter affirmatively and proactively notified Probation when he started dating his girlfriend that they shared explicit material online together. When he clicked on the story in question, he realized that its subject matter, although connected with his and his girlfriend's interests, would be problematic given his supervised release terms, so he immediately clicked away and told his girlfriend he could not view such content any further. Mr. Schechter then accepted responsibility for this mistake by admitting to the violation. But Mr. Schechter urges the Court to recognize this for what it was—a mistake. Mr. Schechter is a hard-working young professional, who has been a model supervisee for over 10 years. He has gone out of his way to obey the conditions of his supervised release, but admits he made a mistake in this instance. For the reasons discussed in this position, the Court should recognize the understandable mistake in the full context and should recognize that a custodial sentence would be excessive, unfair, unnecessary, and devastating both personally and professionally for Mr. Schechter given the circumstances.

# II.

# BACKGROUND

**A. Mr. Schechter's Underlying Case and Supervised Release**

In 2005, when he was 23 years old, Mr. Schechter was found to be in possession of child pornography. The case was prosecuted in 2008 and Mr.

Schechter pled guilty on January 22, 2010 to one count of possession of child pornography. He was sentenced to 24 months incarceration and a lifetime period of supervised release with conditions including sex offender registration and treatment, substance abuse treatment, and computer use restrictions.

Nearly two decades since his offense, Mr. Schechter is now 40 years old and has been on supervised release since 2011. Since his release, he has fully complied with his outpatient substance abuse treatment, sex offender programming, and weekly technology monitoring of his cell phone and laptop computer. Until now, Mr. Schechter's only supervised violation was a misunderstanding in 2021 for possession of a dangerous weapon, specifically a still-in-package bow and arrow that he had purchased for recreational purposes. Mr. Schechter stipulated to possession of the bow and arrow, and was ordered to remain on supervised release for a term of five years, of which four years currently remain. The conditions of supervised release included the same terms and conditions previously imposed, and new conditions including a nine-month term of home detention and a prohibition against possessing any materials "depicting and/or describing child pornography, as defined in 18 U.S.C. § 2256(8)," and against possessing material describing or depicting "sexually explicit conduct" as defined in 18 U.S.C. § 2256(2), except as depicting Mr. Schechter and a consensual partner.

**B. The Instant Violation**

On May 31, 2022, United States Probation and Pretrial Services submitted a supervised release violation report to the Court. The first allegation, which Mr. Schechter admitted to on September 8, 2022, alleged that Mr. Schechter accessed a fictional story about a parent engaging in sex with his minor daughter.[1]

---

[1] At the time of Mr. Schechter's admission to the first alleged violation, the government indicated it was prepared to move to dismiss the remaining two alleged violations at the time of sentencing.

2

The circumstances surrounding this violation relate to Mr. Schechter's relationship with his girlfriend, Mariah Workman.[2] Mr. Schechter met Ms. Workman in January 2022. Mr. Schechter and Ms. Workman met online, on the Reddit website, specifically on a sub-reddit page for kink-oriented roleplay for consenting adults. The sub-reddit page was for individuals interested in roleplay scenarios in which the male partner played the role of a dominant father and the female partner played the role of a younger girl.

A model and upstanding young adult herself, Ms. Workman is completing a six-year active-duty military career in the Navy this month and then plans to attend medical school after her honorable discharge. She is the recipient of multiple medals, including the National Defense Service Medal. She has served most recently as a Naval Hospital Corpsman stationed with the Marines at Camp Pendleton and also serves as a Suicide Prevention Advocate, Sexual Assault Medical Forensic Examiner Assistant and Sexual Assault Personal Response Victim Advocate. Several months after they met online and dated each other, Ms. Workman moved in with Mr. Schechter, and they both currently maintain a household together.

Mr. Schechter and Ms. Workman are both hard-working young professionals and are never inappropriate in public, yet in private they enjoy a consensual kinky relationship with each other. They each have a strong sense of the difference between fantasy and reality, good versus evil conduct, and legal versus illegal content. Their shared interest in exploring kink is limited to themselves and their own private relationship. For example, Ms. Workman made a list on the phone to share with Mr. Schechter detailing potential role play scenarios she wished for them

---

[2] Mr. Schechter and Ms. Workman have each prepared letters to the Court, which are being filed as exhibits hereto, detailing the facts discussed herein. Mr. Schechter is also prepared to address the Court at the sentencing hearing. Additionally, Mr. Schechter is not including as exhibits any of the content discussed given its sensitive nature, but will have copies available at the sentencing hearing should the Court deem it necessary to consider any of the content discussed.

to consider together, including scenarios in which he would play the role of a father and she a girl. Ms. Workman also maintained a private Tumblr social media feed, where she would post certain content that she wanted to show Mr. Schechter in order for them to discuss what they liked and did not like and to explore their sexuality together.

Because their relationship involved otherwise legal sexual content online, Mr. Schechter proactively reached out to his supervising officer, Officer Jay To, on January 11, 2022. Mr. Schechter told Officer To that probation might be seeing some less-than-G-rated items in his discussions and interactions on the Reddit personal sites where he had met Ms. Workman, and in their various communications with each other. Officer To told Mr. Schechter, "Don't worry about it, Mr. Schechter. If it's part of your relationships, it's not our concern."

It is pertinent to note that Mr. Schechter was diagnosed with high-functioning Autism in 2009. While he has exceptional technical, musical, and mechanical talents, he sometimes struggles with social cues and often takes things very literally. Thus, when Officer To made this remark, Mr. Schechter took it literally. He understood it to mean that Probation accepted and understood that explicit content and stories may be part of his relationship and would not pose any concern for his supervised release. Mr. Schechter was fully aware that Probation was monitoring his online activity on his devices, and assumed that if Probation had any concern about those activities, that they would notify him and allow him to offer an explanation. This assumption was based in part on condition four of the Court's July 21, 2021 ruling, which provided that Probation could request verification from Mr. Schechter that any of his partners were consensual and that any disputes would be presented to the Court. Additionally, Mr. Schechter knew that Officer To had been aware of Mr. Schechter's activities on Reddit dating back at least to June 2021.

In January 2022, Ms. Workman shared with Mr. Schechter a post on her private Tumblr feed that contained a reference to a fictional erotic story website

known as ASSTR (Alt.Sex.Stories.Text.Repository) and one author there known as Renpet. Ms. Workman told Mr. Schechter she had been interested in reading erotic stories lately and was interested in reading erotic stories together on occasion with Mr. Schechter, so he browsed to the ASSTR site she had posted in order to see if he could find a story for them to read together. Mr. Schechter browsed to the site very briefly from his phone and had never before visited the site or viewed any of Renpet's stories. Unbeknownst to Mr. Schechter, one story Mr. Schechter clicked on detailed a scenario involving a father and a young girl, which was consistent with his role-playing with Ms. Workman, but which he immediately realized could be problematic given his supervision conditions. Mr. Schechter thus closed out of the page and afterward told Ms. Workman he could not access such stories. Mr. Schechter did not at any point download any stories, make any attempt to save any stories to his devices, nor has he viewed any erotic stories since.

### III.
### ARGUMENT

As should be clear from the circumstances discussed above, Mr. Schechter made a mistake when he briefly clicked on a link to an online story. He did so within the scope of a consensual relationship. And he had already discussed with his Probation Officer that he and his girlfriend shared sexually explicit material together and had been told by his Probation Officer that this was of no concern to Probation. As soon as he realized that the fictional content might be impermissible for him to view, he clicked away. He was unaware of the contents of the textual materials that would emerge when he clicked on the link. He did not search them out intentionally. He encountered them by accident or by mistake, rather than purposefully. Once he realized his mistake, he did not click on any stories by any other authors on that website and explained to Ms. Workman why he could not click on such stories anymore. It is noteworthy that the forensic report provided by Probation does not mention *any* specific files or folders possessed or saved on any of Mr. Schechter's

devices, which confirms the accidental nature of Mr. Schechter's violation as opposed to intentional possession.

Mr. Schechter is fully aware that his devices have been subject to monitoring for over a decade now.  This is evidence that Mr. Schechter was not trying to hide abhorrent behavior or conduct that he knew was in violation of his conditions.  Indeed, he went out of his way to notify Officer To when he began his relationship with Ms. Workman, and was understandably confused by Officer To's search and seizure of his devices after the same officer's earlier reassurance that explicit content within the context of his relationships was of no concern to Probation.  Nevertheless, when he realized the fictional erotic material he clicked on may have crossed a line, he immediately stopped viewing it and told Ms. Workman he could not view such stories again.

Given Mr. Schechter's conscientious attempts to comply with his supervised released conditions, it is not surprising that there have not been *any* related incidents to date in the nearly 11 years that Mr. Schechter has been on supervised release.  During that time, he has remained overwhelmingly compliant with the terms and conditions of his supervision except for his reported 2013 unauthorized use of computers and the internet[3] and his most recently sustained violation conduct before this Court for possessing a recreational bow and arrow.

To his credit, Mr. Schechter is gainfully self-employed as an Information Technology consultant, reports to probation when directed, and participates in regular

---

[3]   In 2013, the Probation Office notified the Court that Mr. Schechter had unauthorized and unmonitored use of the internet.  The incident did not involve any child pornography or other contraband—it was simply that unbeknownst to the Probation Office he accessed the internet as part of his work duties while working alongside a client.  The matter was resolved via a Letter of Reprimand and Reinstruction which explicitly approved Mr. Schechter to "perform business related computer functions on client's computers provided the client is present throughout the duration of your work."

sex offender treatment sessions. Mr. Schechter has been participating in sex offender treatment services with Spero Psychological Services since October 4, 2012 and is currently in their maintenance phase. He has been a model supervisee in treatment, and has volunteered his time on multiple occasions as a guest speaker for the pre-trial treatment group to share his experiences and insights. He is required to attend bi-monthly individual counseling services and is subject to polygraph testing.

This is his first citation in relation to accessing any type of pornography, and it will be his last. He does not pose a risk to the community, has an extremely supportive family, friends, girlfriend, and is crucial in helping his hundreds of information technology clients including multiple non-profit organizations, such as his acting role as technical support for Pathways to Independence, an organization dedicated to transforming the lives of disadvantaged single young women to break the cycle of poverty and abuse.

Incarceration is unnecessary to remedy this violation; Mr. Schechter has already received the message loudly and clearly from probation. Given his autism, further incarceration would be a severe detriment and would disadvantage him greatly in prison. Imprisonment will have an unnecessarily devastating effect on his career, clients, family, and relationship with Ms. Workman.

Mr. Schechter feels a great sense of remorse that this technical violation has unnecessarily wasted the time and resources of all parties involved, especially that of the Court and probation office, after nearly two decades of unwaveringly lawful conduct as a contributing member of society, overwhelmingly compliant behavior during the 11 years of his probation, and successful completion of treatment following his 2005 offense.

Given the circumstances detailed above, the nature of the conduct, and Mr. Schechter's long record of success in complying with his supervised release, a three-month term of home detention is more than adequate.

## IV.
## CONCLUSION

Based on the foregoing, Mr. Schechter respectfully urges the Court to impose a three-month term of home detention.

Respectfully submitted,

THE FREEDMAN FIRM PC

DATED:  October 6, 2022

*/s/ Michael G. Freedman*_____
MICHAEL G. FREEDMAN
Attorney for Defendant
BEN SUSSMAN SCHECHTER